UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10030-GAO

UNITED STATES OF AMERICA,

v.

JASON DaPRATO,
Defendant.

<u>OPINION AND ORDER</u>
February 18, 2010

O'TOOLE, D.J.

The defendant, Jason DaPrato, has moved to suppress telephone communications intercepted pursuant to a wiretap of Target Telephone #3 authorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510 <u>et seq.</u>, and any derivative evidence.

Title III requires the issuing judge to find that a wiretap application demonstrates probable cause to believe that "an individual is committing, has committed, or is about to commit" a criminal offense and that "communications concerning that offense will be obtained through such interception." 18 U.S.C. § 2518(3)(a), (b). On a motion to suppress, a finding of probable cause will be sustained if the facts set forth in the affidavit were "'minimally adequate to support the determination that was made'" by the issuing judge. <u>United States v. Nelson-Rodriguez</u>, 319 F.3d 12, 32 (1st Cir. 2003) (quoting <u>United States v. Ashley</u>, 876 F.2d 1069, 1074 (1st Cir. 1989)).

During the investigation of the drug conspiracy charged in the indictment, the government applied for and obtained authorization to wiretap Target Telephone #1 in July 2008

and Target Telephones #2 and #3 in August 2008. DaPrato only challenges the wiretap of Target Telephone #3. He asserts that because the affidavit in support of the wiretap application contained substantial evidence that the conspiracy used Target Telephones #1 and #2, and less evidence about Target Telephone #3, the affidavit contained insufficient evidence for the issuing judge to find probable cause to believe that Target Telephone #3 was being used to facilitate the same conspiracy.

DaPrato's comparative argument fails because probable cause is a threshold; once crossed, it does not matter by how far. See United States v. Lee, 317 F.3d 26, 32 (1st Cir. 2003) ("Probable cause is a fluid concept."). Although the affidavit contained less information about Target Telephone #3 than about the others, it clearly crossed the probable cause threshold with respect to Target Telephone #3. The affidavit contained the following facts:

A confidential source of information (referred to in the affidavit as "SOI 2") informed investigators that he purchased cocaine and heroin several times a month from Target Telephone #2. Around May 2008, the person answering Target Telephone #2 instructed him to use Target Telephone #3 for all future purchases. SOI 2 purchased heroin and cocaine from Target Telephone #3 for several months. The probable cause inquiry could stop there. Because DaPrato does not challenge the credibility of SOI 2,[1] evidence that a customer using a telephone (which DaPrato concedes belonged to the conspiracy) had his business transferred to a second telephone is more than "minimally adequate" to support a finding of probable cause to believe that the conspiracy also used the second telephone.

In any event, the affidavit is rife with additional evidence supporting a finding of probable cause. The information provided by SOI 2 about the transfer of his business from Target Telephone #2 to Target Telephone #3 was corroborated by telephone records revealing

---

[1] DaPrato withdrew his challenge to the credibility of SOI 2 at oral argument.

that several frequent callers to Target Telephone #2 became frequent callers to Target Telephone #3 during the same time period. The information was also consistent with the conspiracy's past practice of discontinuing use of one telephone and directing callers to use a new substitute. An undercover officer had previously been told by the person answering Target Telephone #1 to use Target Telephone #2 for all future drug purchases. Finally, the affiant indicated that, based on his training and experience, the information was consistent with general drug trade because members of drug conspiracies frequently cycle through telephones to avoid electronic surveillance.

SOI 2 also detailed the manner of drug distribution. SOI 2 stated that he would call Target Telephone #3 and speak to Tony. Tony would direct SOI 2 to a location and tell him to call back on arrival. During the second call, SOI 2 would specify whether he wanted heroin or cocaine. Tony would then direct him to a second location where a courier would deliver the drugs. According to the affidavit, this manner of distribution conformed to the conspiracy's past practices, (Def.'s Mot. to Suppress Evidence Derived from Illegal Wiretaps & Electronic Intercepts Ex. A, ¶¶ 83-112) (seven controlled buys between undercover officer and Tony on Target Telephone #2), as well as the conspiracy's future practices, (id. ¶¶ 130-37) (an attempted controlled buy between same undercover officer and Tony on Target Telephone #3).

DaPrato does nothing to undermine this assemblage of facts. He contends that the affidavit does not prove that the Tony on Target Telephone #2 and the Tony on Target Telephone #3 were the same person. Because the affidavit indicated that several members of the conspiracy used "Tony" as an alias, such proof was not required. It can be inferred that the "Tonys," even if not the same person, were members of the same conspiracy. Other evidence supports this inference. An undercover officer (who had made controlled buys from Tony on

Target Telephone #2) spoke to Tony on Target Telephone #3 and made a coded request for "ten brown" for a "g." (Id. ¶ 132.) Because that Tony understood the coded request to be for ten grams of heroin at $1,000, it can be inferred that he was the same Tony or a member of the same conspiracy as the Tony on Target Telephone #2.

At oral argument, DaPrato also suggested that Target Telephone #3 cannot be connected to the conspiracy because the affidavit stated: "Information provided by SOI 2 has led to the arrest of one person unrelated to the [organization]." (Id. ¶ 50.) DaPrato interprets this statement to mean that the information provided by SOI 2 *about Target Telephone #3* led to an unrelated arrest. Nothing supports this interpretation. References to past tips leading to arrests are frequently included in affidavits to bolster the informant's credibility. E.g., United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002). The affidavit most likely refers to unrelated information provided by SOI 2 in an unrelated case.

The facts contained in the affidavit are more than "minimally adequate" to support the issuing judge's finding of probable cause that the conspiracy charged in the indictment used Target Telephone #3. DaPrato's Motion to Suppress Evidence Derived from Illegal Wiretaps and Electronic Intercepts (dkt. no. 101) is therefore DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge