UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10030-GAO

JASON DAPRATO,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

ORDER
July 29, 2013

O'TOOLE, D.J.

On March 17, 2010, the petitioner, Jason Daprato pled guilty to one count of conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Petitioner was sentenced to 188 months of imprisonment followed by four years of supervised release. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his motion to vacate, the petitioner claims that he received ineffective assistance of counsel at sentencing because his counsel did not investigate his medical history of head injury and did not present evidence of his diminished mental capacity as a mitigating factor at sentencing.

To establish ineffective assistance of counsel, petitioner must demonstrate both that "counsel's representation fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A lawyer's representation falls below an objective standard of reasonableness when

"counsel's choice was so patently unreasonable that no competent attorney would have made it." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (internal citations and quotations omitted). Prejudice exists when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 66 (internal citations and quotations omitted). There is "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and represents sound trial strategy." Jewett v. Brady, 634 F.3d 67, 75 (1st Cir. 2011) (quoting Strickland, 466 U.S. at 689).

Under the performance prong of Strickland, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. This duty does not extend, however, to "probe every evidentiary lead." Janosky v. St. Amand, 594 F.3d 39, 49 (1st Cir. 2010). See also Wiggins v. Smith, 539 U.S. 510, (2003) ("Stickland does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing"). In fact, counsel may "draw a line when they have good reason to think further investigation would be a waste." Dugas v. Coplan, 428 F.3d 317, 328 (1st Cir. 2005).

According to medical records submitted by the petitioner in support of his motion to vacate, he suffered a subdural hematoma in a car accident in 1990. He underwent surgery to relieve the condition. He claims this injury is a cause of diminished mental capacity and impulse control and should have been presented as a mitigating factor at sentencing. He asserts that his attorney did not investigate his medical history thoroughly in order to effectively prove that he suffered from diminished mental capacity.

While the submitted Massachusetts General Hospital records show that he had a traumatic brain injury as a result of the accident, they do not support an assertion of subsequent

diminished capacity. Rather, they tend to show a rather successful surgical treatment of the brain injury. Indeed, they reveal a post-surgical assessment on December 21, 1990, that his "speech/ language/ memory and cognition are [within normal limits]" and that "the [patient] does not need cognitive rehab." (Pet'r's Mot. for Leave to File Additional Supplement Ex. 2 at 11 (dkt. no. 300).)

In any event, the Presentence Report prepared by the Probation Department disclosed the brain injury, though it also noted that the petitioner himself had not noticed any problems with impulse control. Nonetheless, counsel argued that the brain injury was a mitigating factor that, though it did not excuse his criminal conduct, should support a lesser sentence. In arguing for a below-guidelines sentence, she asserted that his "socially disruptive" behavior reflected in the long criminal history since 1990 was a result of this injury and his compromised decision making skills. (Tr. 13-14 (dkt. no. 202).) Her professional performance was not deficient, and certainly not to the degree to support a finding of ineffective assistance under Strickland.

For the reasons set forth herein, petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 281) is DENIED.

A certificate of appealability with respect to Jason Daprato's motion under 28 U.S.C. § 2255 is DENIED because the petitioner did not make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

                                          /s/ George A. O'Toole, Jr.
                                          United States District Judge